FILED IN OPEN COURT
U.S.D.C. Atlanta

JUL 1 5 2014

James N. Hatten Clerk
By: Deputy Clerk

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

ZACHARY PETER VAUGHN.

DEREK WILLIAM SPINKS,

HARRY JAMES COBB, JR.,

AND
WILLIAM G. LEESE, JR.

Criminal Indictment

No. **1  14-CR-266**

**UNDER SEAL**

THE GRAND JURY CHARGES THAT:

Conspiracy to Commit Bank Fraud
(18 U.S.C. § 1349)

1.  From December 2009, through in or about November 2013, the exact dates
being unknown to the Grand Jury, in the Northern District of Georgia,
ZACHARY PETER VAUGHN, DEREK SPINKS, HARRY JAMES COBB, JR., and
WILLIAM G. LEESE, JR., did knowingly and willfully combine, conspire,
confederate, agree, and have a tacit understanding with each other, to execute
and attempt to execute a scheme and artifice to defraud a financial institution, as
that term is defined in Title 18, United States Code, Section 20, and to obtain
money and property under the custody and control of the financial institution by
means of materially false and fraudulent pretenses, representations, and

promises, and by the omission of material facts, in violation of Title 18, United
States Code, Section 1344.

Background

2.  From approximately July 2005 through November 2013, Defendant
ZACHARY PETER VAUGHN was employed at Bank of New York Mellon at
their Atlanta, Georgia location. VAUGHN was hired as a Securities Servicing
Associate. In or about 2008, VAUGHN became a Corporate Trust Relationship
Manager. In his role as a Relationship Manager, VAUGHN worked with bond
and municipality clients, and had access to client funds that were in the custody
and control of the bank.

3.  At all times relevant to this Indictment, the Bank of New York Mellon
Trust Company, N.A. ("Bank of New York Mellon") was a financial institution,
as defined in Title 18, United States Code, Section 20, insured by the Federal
Deposit Insurance Corporation.

4.  From approximately 2009 through 2010, Defendant DEREK SPINKS
owned Atlanta Roofing Associates, LLC, a roofing company located in Atlanta,
Georgia. SPINKS had signature authority on the Atlanta Roofing Associates bank
account at Wachovia bank, account number ending in 6085.

5.  Defendants HARRY COBB and WILLIAM G. LEESE, JR., owned C&L
Logistics and Transportation LLC., a brokerage and logistics company located in
the Atlanta, Georgia area. Both COBB and LEESE had signature authority on
C&L Logistics bank account at Wachovia bank, account number ending in 3907.

<u>Manner and Means</u>

It was part of the conspiracy that:

6. In or about 2009, in his role as a Relationship Manager, VAUGHN had access to an account for a Bank of New York Mellon customer that contained more than $4.3 million in reserve funds. Those funds were held in the custody and control of Bank of New York Mellon.

7. In or about December 2009, VAUGHN and SPINKS devised a scheme to defraud Bank of New York Mellon, and to obtain funds in the custody and control of Bank of New York Mellon, by fraudulently taking the money from Bank of New York Mellon account xx9780 and transferring it to SPINKS' Atlanta Roofing Associates LLC Wachovia account.

8. On or about December 28, 2009, VAUGHN wired approximately $4,387,598.57 from Bank of New York Mellon account xx9780 to the Atlanta Roofing Associates' Wachovia account number ending in 6085. VAUGHN wired the money with the notation "Final Payment 03 RMCDSR," falsely representing that the payment was an authorized payment from a Bank of New York Mellon client account. Both VAUGHN and SPINKS knew that this transfer was unauthorized by either Bank of New York Mellon or the account holder.

9. In or about December 2009 or January 2010, SPINKS discussed the money that was in his Atlanta Roofing Associates' bank account with LEESE. LEESE recommended that SPINKS invest the money into his and COBB's business, C&L Logistics and Transportation, LLC. On or about January 12, 2010, SPINKS wrote a check for $4,000,000 from his Atlanta Roofing Associates, LLC Wachovia

3

account to the Wachovia account number ending in 3907 for C&L Logistics.
COBB and LEESE knew that the funds transferred by SPINKS to the C&L
Logistics account had been stolen by VAUGHN from a bank. COBB and LEESE
then proceeded to transfer the funds to various other accounts associated with
C&L Logistics.

10. On or about February 15, 2010, SPINKS wrote a check for $300,000 from
the Atlanta Roofing Associates, LLC account to cash. SPINKS subsequently
deposited the money in an account in his name at Community Bank of the South
for his personal use.

11. From in or about 2010 through in or about 2013, VAUGHN, SPINKS,
COBB, and LEESE spent the stolen funds. The funds were used, in part, to
purchase items for C&L Logistics, including tractor-trailers, as well as for their
personal use, including personal vehicles, a suite at the Atlanta Hawks basketball
games, gold and travel expenses. VAUGHN received cash from SPINKS and
others that he used for his personal use.

12. From in or about 2010 through in or about 2013, VAUGHN made a series
of unauthorized transfers of funds from various client accounts at Bank of New
York Mellon in order to conceal the original theft of funds.

All in violation of Title 18, United States Code, Section 1349.

## Forfeiture Provision

Upon conviction of one or more offenses alleged in this Indictment,
Defendants ZACHARY PETER VAUGHN, DEREK SPINKS, HARRY COBB JR.,
and WILLIAM G. LEESE, JR., shall forfeit to the United States any property, real

4

or personal, which constitutes or is derived from gross proceeds traceable to such violations, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), including but not limited to, a money judgment representing the amount of proceeds obtained, directly or indirectly, as a result of said offenses.

If, as a result of any act or omission of the defendant, any property subject to forfeiture:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third person;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A _____ *True* _____ BILL

*Edith Bass*

FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

*Jamie L. M~*

JAMIE L. MICKELSON
ASSISTANT UNITED STATES ATTORNEY
Ga. Bar No. 591094
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6000

6